United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

WILLIAM RUIZ,                                    No. C 08-2048 WHA (PR)

                    Petitioner,        **ORDER DENYING PETITION FOR
                                        WRIT OF HABEAS CORPUS**

    vs.

BEN CURRY, Warden,

                    Respondent.
_____/

## INTRODUCTION

This is a habeas corpus case filed by a state prisoner pursuant to 28 U.S.C. 2254.
Respondent was ordered to show cause why the writ should not be granted. Respondent has
filed an answer, along with a supporting memorandum of points and authorities and exhibits.
Petitioner has responded with a traverse. For the reasons set forth below, the petition for a writ
of habeas corpus is **DENIED**.

## STATEMENT

In 1983, petitioner was sentenced to a term of fifteen years to life in state prison
pursuant to his conviction for second-degree murder. This petition challenges the denial of
parole by the California Board of Parole Hearings in 2006. Petitioner filed habeas petitions
challenging this decision in all three levels of the California courts. The Superior Court of the
County of Tulare denied the petition in an explained opinion. The California Court of Appeal
and the Supreme Court of California issued summary denials.

**ANALYSIS**

**A.    STANDARD OF REVIEW**

A district court may not grant a petition challenging a state conviction or sentence on the basis of a claim that was reviewed on the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. 2254(d).  The first prong applies both to questions of law and to mixed questions of law and fact, *Williams (Terry) v. Taylor*, 529 U.S. 362, 407-09 (2000), while the second prong applies to decisions based on factual determinations, *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).

A state court decision is "contrary to" Supreme Court authority, that is, falls under the first clause of 2254(d)(1), only if "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts."  *Williams (Terry)*, 529 U.S. at 412-13.  A state court decision is an "unreasonable application of" Supreme Court authority, falls under the second clause of 2254(d)(1), if it correctly identifies the governing legal principle from the Supreme Court's decisions but "unreasonably applies that principle to the facts of the prisoner's case."  *Id.* at 413.  The federal court on habeas review may not issue the writ "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly."  *Id.* at 411.  Rather, the application must be "objectively unreasonable" to support granting the writ.  *See id.* at 409.

"Factual determinations by state courts are presumed correct absent clear and convincing evidence to the contrary."  *Miller-El*, 537 U.S. at 340.  This presumption is not altered by the fact that the finding was made by a state court of appeals, rather than by a state trial court.  *Sumner v. Mata*, 449 U.S. 539, 546-47 (1981); *Bragg v. Galaza*, 242 F.3d 1082,

United States District Court

For the Northern District of California

1087 (9th Cir.), *amended*, 253 F.3d 1150 (9th Cir. 2001).  A petitioner must present clear and convincing evidence to overcome § 2254(e)(1)'s presumption of correctness; conclusory assertions will not do.  *Ibid.*

Under 28 U.S.C. 2254(d)(2), a state court decision "based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding."  *Miller-El*, 537 U.S. at 340; *see also Torres v. Prunty*, 223 F.3d 1103, 1107 (9th Cir. 2000).

When there is no reasoned opinion from the highest state court to consider the petitioner's claims, the court looks to the last reasoned opinion.  *See Ylst v. Nunnemaker*, 501 U.S. 797, 801-06 (1991); *Shackleford v. Hubbard*, 234 F.3d 1072, 1079, n. 2 (9th Cir.2000).  In this case, the last reasoned opinion is that of the superior court denying petitioner's habeas petition (Resp. Exh. 2).

**B.    ISSUES PRESENTED**

Petitioner's remaining grounds for federal habeas relief are that the Board's failure to give him a parole date violated his right to equal protection, the Board's use of a "some evidence" standard to deny parole violated his right to due process, and the denial of parole violated his right to due process because it was not supported by at least "some evidence" of his current dangerousness.

**1.    EQUAL PROTECTION**

Petitioner contends that the denial of parole violated his right to equal protection because he is being treated differently than another inmate named Mikael Schiold.  According to petitioner, Mr. Schiold was a California prisoner who obtained a "settlement agreement" with the State of California under which he was "transferred to" Sweden where he was to be held in custody until January 1, 2007.  Petitioner complains that he is being discriminated against because, unlike Mr. Schiold, petitioner is not being transferred to another country and has not been given a date for his release from custody.  Respondent was ordered to address this claim in the order to show cause but not done so, and has not offered any explanation for failing to do so.

United States District Court
For the Northern District of California

1    "The Equal Protection Clause of the Fourteenth Amendment commands that no State

2    shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is

3    essentially a direction that all persons similarly situated should be treated alike." *City of*

4    *Cleburne v. Cleburne Living Center*, 473 U.S. 432, 439 (1985) (quoting *Plyler v. Doe*, 457 U.S.

5    202, 216 (1982)).  The allegations in the petition establish that petitioner is not "similarly

6    situated" to Mr. Schiold in that Mr. Schiold was granted parole by the Board and petitioner was

7    not.  Moreover, Mr. Schiold is a foreign national and petitioner is not.  There is no indication or

8    allegation that any foreign country has any interest in receiving petitioner into their custody and

9    then releasing him at any particular date, as was the case with Mr. Schiold.  As petitioner is not

10   similarly situated to Mr. Schiold, the fact that he is not receiving the same treatment as Mr.

11   Schiold does not violate his right to equal protection.

12       **2.    BOARD'S USE OF "SOME EVIDENCE" STANDARD**

13       Petitioner claims that the Board's use of a "some evidence" standard to deny him parole

14   violates his right to due process.  Nothing in the Board's decision indicates that they used such

15   a standard in denying parole, so this claim fails (Pet. Exh. A at 44-48).

16       **3.    "SOME EVIDENCE" TO SUPPORT BOARD'S DECISION**

17       Petitioner claims that the denial of parole violates his right to due process because it was

18   not supported by at least "some evidence" of his current dangerousness.  In particular, he claims

19   that the unchanging facts of his commitment offense and his prior criminal history are not

20   sufficient on their own to constitute "some evidence" that he would pose a risk of danger to the

21   public if released.

22       The Due Process Clause does not, by itself, entitle a prisoner to release on parole in the

23   absence of some evidence of his or her current dangerousness.  *Hayward v. Marshall*, 603 F.3d

24   546, 555, 561 (9th Cir. 2010) (en banc).  Under California law, however, "some evidence" of

25   current dangerousness is required in order to deny parole.  *Id.* at 562 (citing *In re Lawrence*, 44

26   Cal.4th 1181, 1205-06 (2008) and *In re Shaputis*, 44 Cal.4th 1241 (2008)).  This requirement

27   gives California prisoners a liberty interest protected by the federal constitutional guarantee of

28   due process in release on parole in the absence of "some evidence" of their current

4

United States District Court

For the Northern District of California

1    dangerousness. *Cooke v. Solis*, No. 06-15444, slip op. 1, 15-16 (9th Cir. June 4, 2010) (citing

2    *Hayward*, 603 F.3d at 561-64); *Pearson v. Muntz*, No. 08-55728, slip op. 7791, 7799-7800 (9th

3    Cir. May 24, 2010).

4            When a federal habeas court in this circuit is faced with a claim by a California prisoner

5    that their right to due process was violated because the denial of parole was not supported by

6    "some evidence," the court "need only decide whether the California judicial decision

7    approving" the denial of parole "was an 'unreasonable application'[] of the California 'some

8    evidence' requirement, or was 'based on an unreasonable determination of the facts in light of

9    the evidence.'" *Hayward*, 603 F.3d at 562-63 (quoting 28 U.S.C. 2254(d)(1)-(2)); *Cooke*, slip

10   op. at 15. California's "some evidence" requirement was summarized in *Hayward* as follows:

11           As a matter of California law, 'the paramount consideration for both the Board
             and the Governor under the governing statutes is whether the inmate currently
12           poses a threat to public safety.' There must be 'some evidence' of such a threat,
             and an aggravated offense 'does not, in every case, provide evidence that the
13           inmate is a current threat to public safety.' The prisoner's aggravated offense
             does not establish current dangerousness 'unless the record also establishes that
14           something in the prisoner's pre- or post- incarceration history, or his or her
             current demeanor and mental state' supports the inference of dangerousness.
15           Thus, in California, the offense of conviction may be considered, but the
             consideration must address the determining factor, 'a current threat to public
16           safety.'

17   *Hayward*, 603 F.3d at 562 (quoting *Lawrence*, 44 Cal.4th. at 1191, 1209-15); *see also Cooke*,

18   slip op. at 16-18 (describing California's "some evidence" requirement).

19           Here, the commitment offense was certainly brutal insofar as petitioner went to a

20   residence to collect money for drugs, got into a fight with two men, stabbed one man multiple

21   times and killed him, and stabbed the other man (Pet. Exh. A at 8-10, 44-45). Petitioner also

22   had a lengthy criminal record from the age of 15, that included convictions for burglary, battery,

23   possession of marijuana, public intoxication, drunk driving, and escape from jail, as well as

24   previous grants of probation and parole at which he failed (*id.* at 10-14). To be sure, a

25   considerable amount of time had passed since the commitment offense: twenty-three years, or

26   eight years more than the minimum term. Even aside from his conviction and prior criminal

27   record, however, the Board's decision was supported by evidence that petitioner had only been

28   participating in alcohol recovery programs for four years and had only completed six steps of

**United States District Court**
For the Northern District of California

the twelve-step Alcoholics Anonymous program (*id.* at 24, 39); that petitioner had received two

serious rule violation reports four years earlier, one involving the abuse of alcohol (*id.* at 45);

that alcohol and drug abuse figured prominently in the commitment offense as well as

petitioner's prior crimes (*id.* at 10-14, 46); that he had received counseling memoranda for

misconduct since his prior parole hearing (*id.* at 45); and that he had received a psychiatric

evaluation that found there was a moderate risk of him committing violent crime if released (*id.*

at 27-28).  This constituted "some evidence" that petitioner would be a danger to society if

paroled at his 2006 hearing.  The state courts' rejection of this claim was neither contrary to nor

an unreasonable application of clearly-established United States Supreme Court authority, nor

was it an unreasonable determination of the facts in light of the evidence presented.

## CONCLUSION

The petition for a writ of habeas corpus is **DENIED**.

Rule 11(a) of the Rules Governing Section 2254 Cases now requires a district court to

rule on whether a petitioner is entitled to a certificate of appealability in the same order in

which the petition is denied.  Petitioner has failed to make a substantial showing that his claims

amounted to a denial of his constitutional rights or demonstrate that a reasonable jurist would

find this court's denial of his claim debatable or wrong.  *Slack v. McDaniel*, 529 U.S. 473, 484

(2000).  Consequently, no certificate of appealability is warranted in this case.

The clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated: June ___14___, 2010.

_____
WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

6

1

G:\PRO-SE\WHA\HC.08\RUIZ2048.RUL.wpd

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court

For the Northern District of California